IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SYMOTRIS ARNWINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2880 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Anthony Symotris Arnwine, a state inmate proceeding *pro se*, files this section 2254 habeas case complaining of the State's failure to meet time deadlines in his state habeas proceeding. He further challenges his 1999 conviction and complains that counsel failed to notify him promptly of state court decisions.

After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

*Background and Claims*

Petitioner's 1999 conviction for aggravated assault with a deadly weapon was affirmed on direct appeal, and his application for state habeas relief was denied in 2003. Petitioner's federal petition for habeas relief was dismissed as barred by limitations on August 6, 2006. *Arnwine v. Quarterman*, C.A. No. H-05-0245 (S.D. Tex. 2006). The Fifth Circuit Court of Appeals denied a certificate of appealability on June 19, 2007. *Arnwine v.*

*Quarterman*, No. 06-20722 (5th Cir. 2007). Petitioner filed a second application for state habeas relief, which was dismissed as an abuse of the writ in 2008. *Ex parte Arnwine*, WR-56,735-02. The instant federal petition was received on September 4, 2009.

*Analysis*

    A.    <u>Successive Federal Petition</u>

As shown above, petitioner has filed at least one prior federal habeas petition challenging this same conviction. Consequently, petitioner's challenges to that conviction raised in the instant petition must be dismissed for want of jurisdiction, as the instant petition stands as a successive petition filed by petitioner challenging the conviction.

A district court may hear a claim not presented in a prior federal application only if the federal court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1). To the extent petitioner raises new habeas grounds not previously presented, he must show authorization from the Fifth Circuit Court of Appeals to pursue this successive habeas. In absence of such authorization, this Court lacks subject matter jurisdiction to adjudicate the motion.

Petitioner does not show that the Fifth Circuit Court of Appeals has authorized the filing of this successive habeas petition. Accordingly, petitioner's habeas challenges to his 1999 conviction are DISMISSED FOR LACK OF JURISDICTION AND WITHOUT PREJUDICE to petitioner's obtaining authorization from the Fifth Circuit Court of Appeals

to proceed on any new claims. This includes petitioner's claim that counsel failed to notify him timely of the state courts' rulings, as this claim was raised in his earlier proceedings.

### B. State Habeas Proceeding

Petitioner's complaints regarding the State's failure to comply timely with state habeas deadlines are DISMISSED WITH PREJUDICE for failure to state a claim. Federal habeas review is available for vindication only of rights existing under federal law, *Martinez v. Johnson*, 255 F.3d 229, 246 (5th Cir. 2001), not of rights existing solely under state procedural rules. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). A violation of a state procedural rule does not, standing alone, constitute a ground for federal habeas relief. Petitioner's claim independently based on violation of state procedural law fails to raise a cognizable federal habeas claim.

Further, petitioner's arguments that he was denied due process by these failures to comply with time requirements are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM. There is no federal constitutional right to a state habeas proceeding, and petitioner's due process claim is not cognizable on federal habeas review. *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Nor are alleged errors occurring during a state habeas proceeding cognizable on federal habeas review, as "infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003).

*Conclusion*

For these reasons, petitioner's habeas challenges to his 1999 conviction are DISMISSED FOR WANT OF JURISDICTION. Petitioner's complaints arising from his state habeas proceeding are DISMISSED FOR FAILURE TO STATE A CLAIM. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on September 11, 2009.

_____
Gray H. Miller
United States District Judge